IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00398-MSK-BNB

JOSEPH ROSANIA, as Chapter 7 Trustee
for the Bankruptcy Estate of Springbok
Services, Inc.,

    Plaintiff,

vs.

GROUP O, INC., an Illinois corporation, *et al.*,

    Defendants.

_____

STIPULATED PROTECTIVE ORDER CONCERNING
CONFIDENTIAL INFORMATION AND CLAWBACK AGREEMENT
_____

    Plaintiff Joseph Rosania, as Chapter 7 Trustee for the Bankruptcy Estate of Springbok Services, Inc. ("Trustee") has filed a Complaint in the above-captioned case (the "Litigation") against Defendant Group O, Inc. ("Group O") and Defendant Murad Velani ("Mr. Velani") (individually, "Party," and collectively, "Parties"). The Parties, by their respective undersigned counsel, enter into this Stipulated Protective Order Concerning Confidential Information and Clawback Agreement ("Order"):

    1.    "Confidential Information" protected by this Protective Order includes the following: **Any documents that implicate a common law or statutory privacy interest or any other information that is otherwise entitled to protection under Fed.R.Civ.P. 26(c)(1)(G).**

a. ~~Documents relating to current or former employees of the parties (including their predecessors) containing information that such individuals would reasonably expect the employer to maintain as private, specifically including but not limited to, personal data identifiers;~~

b. ~~Individual's social security numbers and/or dates of birth;~~

c. ~~Proprietary business and financial information of the Parties (including their predecessors) and their clients, customers, suppliers, vendors, and affiliates;~~

d. ~~Personal financial information of the Parties, including compensation forms and information;~~

e. ~~Trade secrets of the Parties (including their predecessors) and their clients, customers, suppliers, vendors and affiliates;~~

f. ~~Information subject to the claim of the work-product doctrine attorney client privilege, or other applicable privilege; and~~

g. ~~Employee personal records.~~

Confidential information does not include information that is: (a) publicly available (other than as a result of its disclosure directly or indirectly by any Qualified Person (as defined below in Section 12) in violation of this Protective Order; or (b) obtained from any non-party outside of discovery or legal process from a source, to the party's knowledge after reasonable inquiry, that is not and was not bound by any contractual, legal or fiduciary obligation regarding the confidentiality of the information.

2. The Party or non-party that in good faith believes the documents and information contain Confidential Information and produces or discloses the Confidential Information shall be the "Designating Party." The Party receiving the documents and information designated as Confidential shall be the "Receiving Party or Parties."

3. Confidential Information may include:

   a. Information disclosed pursuant to Fed.R.Civ.P. 26(a);

   b. Information produced in response to discovery requests;

   c. Information produced in response to subpoenas;

   d. Information voluntarily disclosed;

   e. Information disclosed during depositions; and

   f. Copies, reproductions, notes, summaries, excerpts, and compilations of or referring to any information set forth in subsections (a) through (e) above.

4. Any Party may designate information as "Confidential" including without limitation electronically stored information to the extent the information contains, reveals, or relates to the information identified in Paragraph 1~~(a)-(f)~~ if: (1) the Party in good faith believes the information is entitled to protection as confidential material under Fed.R.Civ.P. 26(c); and (2) the information to be designated as "Confidential" has been reviewed by an attorney for the Designating Party.

~~5.   Documents that contain Confidential Information set forth in Paragraph 1(b) do not have to be designated, stamped or labeled as confidential and are exempt~~

~~from the provisions of Paragraph 6 herein. A Party's or any individual's social security numbers and/or dates of birth will constitute Confidential Information that shall be protected by all Parties without such confidential designation.~~

6.  At the time of production, Protected Materials shall be stamped or designated with the word "Confidential". Also, as to electronically produced documents that contain Confidential Information, the Bates Number of such document shall contain the designation "CONF" at the end of the number and there shall be a field designation of "Confidential" within the electronic production of the materials. Inadvertent failure to so designate prior to production will not prevent a subsequent confidentiality designation in accordance with Paragraph 18 of this Protective Order, and such documents shall thereafter be deemed Protected Material.

7.  Deposition testimony that contains Confidential Information may have that information designated as such in one or more of the following two ways:

   a.  If counsel, the witness, or the Party or non-Party whose Confidential Information is to be or was disclosed, states on the record at the deposition that the relevant portion of the deposition is to be treated as Confidential Information.

   b.  Alternatively and additionally, a Party or non-party may designate Confidential Information within the transcript by providing, in writing and within thirty (30) calendar days of the completion of the transcript of the deposition (as certified by the court reporter), a page and line designation of the Confidential Information. Before the expiration of thirty (30) calendar days from

the completion of the transcript of the deposition, all Parties will treat all deposition transcripts as Confidential Information. After any written designation, each Party shall be responsible for marking copies of the deposition transcript in their possession with the label or stamp set forth in this Paragraph.

8.   An inadvertent failure to designate documents and information as "Confidential Information" shall not constitute a waiver of a claim of confidentiality and shall be corrected by supplemental written notice to all Parties designating the documents and information as "Confidential." The Designating Party and Receiving Party(ies) shall confer regarding the most efficient method for marking the documents and information with the stamp identified in Paragraph 6, with the Designating Party to reproduce the documents and information with the appropriate stamp if the Parties are unable to reach agreement.

9.   In order to expedite and facilitate the production of electronic data and hardcopy documents, any production of information, documents, or tangible things that should or could have been withheld subject to a claim of attorney-client privilege or work-product immunity shall in no way prejudice or otherwise constitute a waiver of any claims of privilege, work-product immunity, or any other applicable privilege. In the event of disclosure of such information, documents or tangible things subject to a claim of privilege or immunity, all Parties shall destroy (or return to the producing Party's counsel) all copies of such information, documents or things and withdraw such information, documents or things from any use in the above referenced lawsuit as provided in this paragraph. Any Party discovering the information, documents or things subject to privilege or immunity shall notify all other Parties, in writing, within five (5)

business days of learning of the production and shall request or facilitate the return or destruction of all information for which the production is made. Within ten (10) business days after receiving a written request to do so, the Receiving Party of those documents shall return to the Producing Party or destroy any produced documents or tangible items (including copies the Receiving Party may have made) that the Producing Party represents are covered by a claim of attorney-client privilege or work-product immunity. The Receiving Party shall also destroy summaries of or notes relating to any such information subject to a claim of privilege or immunity and shall certify its compliance with these requirements in a letter to the Producing Party. Any dispute regarding corrected designations or appropriateness of documents or information subject to this "clawback" provision that the Parties are unable to resolve shall be brought before the Court, but all corrected designations and "clawbacks" shall be binding upon the Parties unless and until the Court orders otherwise. This Order is entered in accordance with Federal Rule of Evidence 502(d).

10. A party may object to the designation of particular "Confidential" information by giving written notice to the Designating Party. The written notice ~~shall be made within ninety (90) calendar days after the Receiving Party determines the document is not Confidential and~~ must identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of Designating Party to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order

until the Court rules on the motion. If the Designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential."

11.     Confidential Information shall be used only for the purposes of the Litigation and any actions or appeals therefrom and shall not be used for any other purpose.  Confidential Information shall not be used in any other litigation or proceeding absent a written agreement, signed by all of the Parties to this Order, or by court order.

12.     The following people shall be designated as "Qualified Persons." Confidential Information may not be disclosed to any person other than the following Qualified Persons:

    a.     Persons who appear on the face of the Confidential Information as an author, addressee, or recipient of the Confidential Information;

    b.     The Trustee and employees of the Trustee whose access to Confidential Information is necessary for purposes of preparation, trial, appeal, or settlement of the Litigation;

    c.     Attorneys of record for the Parties, and those attorneys' respective employees whose access to Confidential Information is necessary for purposes of preparation, trial, appeal, or settlement of the Litigation;

    d.    Attorneys retained by The Bancorp Bank and employees of such attorneys and employees of The Bancorp Bank whose access to Confidential Information is necessary for purposes of preparation, trial, appeal, or settlement of the Litigation;

    e.    A Party's in-house counsel, and legal staff and employees, whose access to Confidential Information is necessary for the purposes of preparation, trial, appeal, or settlement of the Litigation;

    f.    Independent third parties (such as but not limited to experts) retained or used by attorneys of record in this Litigation solely for the purposes of preparation, trial, appeal, or settlement of the Litigation;

    g.    Named parties and officers and employees of corporate parties, who are working on this Litigation and to whom it is necessary that Confidential Information be shown for purposes of preparation, trial, appeal, or settlement of the Litigation;

    h.    The Court and Court personnel as allowed or directed by the Court, as well as any mediator or settlement judge that may be retained by the Parties;

    i.    Copy, data, hosting, and other providers of litigation services retained by counsel for the Parties for the purposes of the Litigation;

    j.    Court reporters and videographers transcribing or filming depositions or testimony involving Confidential Information for the purposes of the Litigation;

    k.    Insurers of the Parties, and counsel for insurers of the Parties for the purposes of the Litigation; and,

    l.    A non-party witness who may be examined and may testify concerning Confidential Information if there is a good faith, legitimate basis for the purposes of the Litigation for examining the non-party witness concerning the Confidential Information.

13. Before a Party discloses Confidential Information to any Qualified Person listed in paragraph 12(a), (d), (f), (i), (k), and (l), such Qualified Person must certify that he or she has read this Order and agrees to be bound thereby by signing a copy of the "Certification," the form of which is attached hereto as Exhibit A.

14. Any Qualified Person listed in paragraph 10(a)-(g) and (i)-(l) who has received any Confidential Information shall: (a) read this Protective Order; (b) use such Confidential Information only for purposes allowed by this Protective Order; (c) not disclose or discuss Confidential Information except as authorized by this Protective Order; and (d) not use Confidential Information except as necessary for the prosecution or defense of this Litigation or otherwise authorized by this Protective Order.

15. Nothing in this Order shall prohibit a Party, or its counsel, from disclosing a document designated as Confidential Information to the author or recipient of the document, or to a person who was or is an officer, employee, or director of the same

company as the author or recipient at the time it was sent or received, provided such person to whom the Confidential Information is disclosed abides by Paragraph 14 of this Protective Order.

16.     Each individual who receives any Confidential Information agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

17.     The Receiving Party(ies) and Qualified Persons who have access to the Confidential Information shall appropriately safeguard Confidential Information.

18.     Only persons authorized to receive or view Confidential Information shall be permitted to attend portions of depositions during which Confidential Information is disclosed.  During the course of a deposition, if the response to a question would require the disclosure of Confidential Information, the witness may refuse to answer or the Designating Party may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential Information have left the room.

19.     Any court reporter or videographer who transcribes or videotapes testimony in this Litigation at a deposition shall be required to agree, before transcribing or videotaping any the testimony, that all information designated Confidential Information shall not be disclosed except as provided in this Order, and that copies of any transcript, reporter's notes, videotapes, or any other transcription records of any testimony designated as Confidential Information will be retained in absolute confidence

and safekeeping by the reporter or videographer or shall be delivered to an attorney of record or filed under seal with the Court. The Party who notices a deposition shall be responsible for notifying any court reporter or videographer of these obligations

20. **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~If any party wishes to file a document with the Court that contains or discloses material designated as Confidential Information by the opposing party under the terms of the Protective Order, the filing party shall comply with D.C.COLO.LCivR 7.2 "Public Access to Documents and Proceedings (B). Motions to Restrict Access."~~

21. "Confidential Information" shall not include information or documents that are or become, without violating this Order and apart from production or disclosure in this Litigation, a matter of public record or publicly available by law or otherwise, or that was already lawfully in the possession of the Party and was not acquired under any obligation of confidentiality.

22. Nothing in this Order shall prevent a Designating Party from using information it designates as Confidential Information in any manner it desires.

23. Nothing in this Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, any additional protection with respect to Confidential Information as that Party may consider appropriate.

24. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this Litigation, including all appeals, unless otherwise agreed or ordered.

25. Within ninety (90) calendar days of the final determination of this Litigation, including all appeals, whether by judgment, settlement or otherwise, all recipients of Confidential Information (other than the Court and its staff and personnel) shall return all Confidential Information that are in paper and removable electronic media and portable electronic media form (and all copies thereof) in the recipient's possession to counsel of record for the party that produced such materials or shall immediately destroy such materials. Documents that are part of the publicly accessible court file are not subject to this paragraph.

26. If any Party or person subject to this Order receives a court order, subpoena or other process demanding production of Confidential Information, that person or Party shall promptly notify the attorneys of the Designating Party of the document sought by the subpoena or other process or order, shall furnish those attorneys of record with a copy of the subpoena or other process or order, and shall not interfere with respect to any procedure sought to be pursued by the Designating Party whose interests may be affected. The Designating Party shall have the burden of defending against the subpoena, process, or order. The Party served the discovery request, subpoena or other process shall, once sufficient notice to all interested parties and a reasonable opportunity (but in no case less than ten (10) business days after notice) to object has been given, be entitled to comply with the subpoena, discovery request or other process order except to the extent the Designating Party has filed for or succeeded in obtaining an order modifying, staying, or quashing the subpoena, discovery request or other process or to the extent the filing of the motion to modify, stay or quash the subpoena, discovery or other process stays the Party's obligation to comply with the

request.  If the return or response date for the subpoena or the compliance date for any order is less than ten (10) business days after service, the Party receiving the subpoena or order shall:  (1) request an extension of the return or compliance date; and (2) advise the Designating Party immediately of the return or compliance date.

27. The agreement to the designation of Confidential Information in this Order does not constitute an admission as to the confidential nature and/or trade secret status of the information.  The designation of Confidential Information is not admissible before any trier of fact.

28. This Court retains jurisdiction even after termination of the Litigation to enforce this Order and to make deletions from or amendments, modifications, and additions to the Order, as stipulated by the Parties and as the Court may deem appropriate from time to time.  Any Party for good cause may apply, before or after termination of the Litigation, to the Court for a modification of this Order.

Dated June 7, 2013.

BY THE COURT:

 s/ Boyd N. Boland

United States Magistrate Judge

**APPROVED:**

_____   _____
                                   Terence M. Ridley
Peter A. Cal                       Jeremy A. Moseley
Lynda L. Atkins                    Wheeler Trigg O'Donnell LLP
Sherman & Howard L.L.C.            370 17th Street, Suite 4500
633 17th Street, Suite 3000   Denver, CO  80202
Denver, CO  80202                  (303) 244-1800
(303) 297-2900                     Attorneys for Defendant Group O
Attorneys for Plaintiff


                                   Steven E. Abelman
                                   Kathryn A. Barrett
                                   Brownstein Hyatt Farber Schreck, LLP
                                   410 17th Street, Suite 2200
                                   Denver, CO  80202
                                   (303) 223-1100
                                   Attorneys for Defendant Murad Velani

                                   Terence M. Ridley
                                   Jeremy A. Moseley
                                   Wheeler Trigg O'Donnell LLP
                                   370 17th Street, Suite 4500
                                   Denver, CO  80202
                                   (303) 244-1800
                                   Attorneys for Defendant Group O

**Exhibit A**

I, _____ (print or type name) hereby certify that I have read the Stipulated Protective Order Concerning Confidential Information in the action entitled *Rosania v. Group O, Inc., et al.*, 13-CV-00398 (U.S. District Court of Colorado) (the "Litigation"), that I understand the terms and effect of that Order, and that I agree to be bound by it.  I further agree to submit to the jurisdiction of the U.S. District Court of Colorado in connection with the Order.

I understand that all Confidential Information, as defined in the Order, including, any copies or notes or other transcriptions, shall be maintained in a secure manner and shall be returned or destroyed upon the first of (1) termination of my services in the Litigation, or (2) ninety (90) calendar days following the termination of the Litigation, including all appeals.

Date: _____    Signature: _____

                                              Printed name: _____

                                              Full Address: _____

                                                            _____