**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-00398-MSK-BNB

**JOSEPH ROSANIA** as Chapter 7 Trustee for the Bankruptcy Estate of Springbok Services, Inc.,

    Plaintiff,

v.

**GROUP O, INC.**, an Illinois corporation; and
**MURAD VELANI**, an individual,

    Defendants.

---

**OPINION AND ORDER ADOPTING IN PART
RECOMMENDATION AND GRANTING
MOTION TO AMEND COMPLAINT**

---

    **THIS MATTER** comes before the Court on a Recommendation **(#46)** by the Magistrate Judge that the Defendant Group O, Inc.'s Motion to Dismiss **(#12)** be granted, and that Plaintiff Joseph Rosania's Motion for Leave to File Amended Complaint **(#31)** be granted ,in part, and denied in part. The Plaintiff filed Objections **(#47)** to the Recommendation, to which the Defendant Group O responded **(#51)**, and the Plaintiff replied **(#53)**.

**I. Background**

    The following facts are derived from the Complaint **(#3)**. The Plaintiff is the Bankruptcy Trustee for Springbok Services Inc. Prior to its Chapter 7 bankruptcy, Springbok was in the business of providing electronic payment solutions, including prepaid cards. At all times relevant to this action, the Defendant Murad Velani served on the board of directors of Springbok. Concurrently, Mr. Jelani served as President and Chief Operating Officer of the Defendant Group O.

1

In June 2008, Springbok and Group O entered into a contract under which Springbok provided prepaid card services to Group O. Springbok's card services were used by Group O to establish prepaid rebate and incentive card programs for Group O customers. Under the agreement, the two companies worked together to service Group O's customers. The term of the contract was three years, but it provided automatic one year extensions.

In October 2009, Springbok was suffering from cash flow problems and looking for investors. Due to Springbok's financial condition, Group O made an internal decision to terminate its contract with Springbok. The contract, however, did not permit Group O to terminate under such circumstances. Over the next three months, Group O and Mr. Velani concealed Group O's decision to terminate the contract with Springbok. On December 30, 2009, after leading Springbok to believe it would be providing services to a major new customer, Group O told Springbok that it was terminating the contract.

The Plaintiff asserts six claims: (1) breach of contract against Group O; (2) breach of implied duty of good faith and fair dealing against Group O; (3) breach of fiduciary duty against Group O; (4) breach of fiduciary duty against Mr. Velani; (5) aiding and abetting breach of fiduciary duty by Mr. Velani against Group O; and (6) conspiracy against Group O and Mr. Velani in that they allegedly engaged in a scheme to unlawfully terminate the agreement.

Group O moved to dismiss **(#12)** the Plaintiff's claim for breach of fiduciary duty under Colorado's economic loss doctrine. Later, the Plaintiff moved to amend **(#31)** the Complaint to add a request for exemplary damages and restitution. Both matters were referred to the Magistrate Judge.

In the Recommendation **(#46)**, the Magistrate Judge recommends that the Motion to Dismiss **(#12)** be granted and that the Motion for Leave to File Amended Complaint **(#31)** be

2

granted in part and denied in part. No party objects to the recommendation with regard to the motion to dismiss. Seeing no clear error, the Court **ADOPTS** the Recommendation that the Motion to Dismiss be granted.

With regard to the motion to amend, the Magistrate Judge recommends that the Plaintiff be permitted to add a request for restitution and for exemplary damages against Mr. Velani. No party objects to that part of the recommendation. The Magistrate Judge also recommends that the motion to amend be denied insofar as the Plaintiff seeks to add a request for exemplary damages against Group O. The Magistrate Judge found that the Plaintiff failed to submit any prima facie evidence that he was entitled to exemplary damages on his claims for aiding and abetting or conspiracy.[1]

The Plaintiff objects to the recommendation that he be denied leave to amend the Complaint to add a request for exemplary damages against Group O.

## II. Standard of Review

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation.[2] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court shall make a *de novo* determination of those portions of the recommendation to which timely and specific objection is made. *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1] Prior to issuing his recommendation, the Magistrate Judge held an evidentiary hearing on the Plaintiff's motion to amend. Both parties were given the opportunity to submit evidence on the motion.

[2] The Court has some doubt that a motion to amend the complaint to add a request for exemplary damages is a dispositive matter, as the Plaintiff does not seek to amend any claim or defense. Nevertheless, the Court applies a *de novo* standard of review in this instance.

A motion to amend a complaint is governed by Fed. R. Civ. P. 15(a), which provides in relevant part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The grant or denial of leave is committed to the discretion of the Court. *See Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.*

### III. Analysis

The Plaintiff seeks to amend the Complaint to add a request for exemplary damages against Group O. The Plaintiff asserts that exemplary damages are warranted with regard to his claims that Group O aided and abetted Mr. Velani's breach of fiduciary duty, and that Group O and Mr. Velani engaged in a conspiracy to unlawfully terminate the agreement with Springbok.

In Colorado, the right to seek exemplary (punitive) damages is governed by C.R.S. § 13-21-102.[3] Section 102(1)(1) provides that exemplary damages are awardable in applicable civil actions if the injury complained of is attended by circumstances of "fraud, malice, or willful and wanton conduct." As used in the statute, "willful and wanton conduct" means "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." § 13-21-102(1)(b).

---

[3] In an unpublished opinion, this Court has extensively analyzed the effect of the *Erie* doctrine on a similar Colorado law relating to claims of exemplary damages in medical malpractice cases, concluding that the Court should give effect to the Colorado statute. *See Jones v. Krautheim*, D.Colo. Case No. 01-MK-2150 (June 25, 2002), *copy attached to Witt v. Condominiums at the Boulders Ass'n*, 2006 WL 348086 (D. Colo. No. 04-cv-02000-MSK, Feb. 13, 2006) (unpublished). Consistent with the opinions of *Jones* and *Witt*, and in the absence of Tenth Circuit precedent to the contrary, the Court applies § 13-21-102(1.5) here.

Under § 13-21-102(1.5)(a), "a claim for exemplary damages . . . may not be included in any initial claim for relief." Rather, a request for exemplary damages "may be allowed by amendment to the pleadings only after the exchange of initial disclosures . . . and the plaintiff establishes prima facie proof of a triable issue [of exemplary damages]." The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof. *Leidholt v. Dist. Court*, 619 P.2d 768, 771 (Colo. 1980). A plaintiff must articulate "a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution," in order to demonstrate the requisite prima facie proof of a triable issue. *Id.* [4]

Here, the parties do not dispute that their initial discovery disclosures have been completed. As a result, the question is whether the Plaintiff can assert a triable issue as to whether its claims against Group O for aiding and abetting Mr. Velani's breach of fiduciary duty and conspiracy to terminate the contract were attended by circumstances of "fraud, malice, or willful and wanton conduct."[5]

The proposed Amended Complaint alleges that when the decision to terminate the contract was made, Group O was aware of Mr. Velani's position as a director of Springbok; that Group O and Mr. Velani were aware of Springbok's financial position and its need to generate

---

[4] The Court does not interpret this as requiring the Plaintiff to present evidence in a hearing or that the Court should assess the weight and merits of the Plaintiff's evidence. Requiring proof sufficient to establish entitlement to exemplary damages, in the face of contrary evidence or argument, would be inconsistent with the reference in the statute to providing "prima facie" proof and the case law finding that a proffer of evidence is sufficient. Prima facie proof, like a proffer, is merely a facial showing sufficient to prove a matter in the absence of contradictory evidence. It is akin to the showing required to survive motions brought under Fed. R. Civ. P. 12 and 50. This Court is aware of no authority that precludes the making of a proffer in the form of an Amended Complaint, subject to Fed. R. Civ. P. 11. In such event, the Court takes the well pled factual allegations as true and determines whether, if proven, they would be sufficient to establish a prima facie claim for relief.

[5] The Court notes that it does not make any findings or conclusions with regard to the sufficiency of the Plaintiff's claims as alleged or on the merits. The only issue before the Court is whether the Plaintiff has alleged circumstances of fraud, malice, or willful and wanton conduct.

cash; that despite such knowledge, Group O and Mr. Velani led Springbok to believe that it would be the service provider for newly-obtained business with AT&T; and that Group O and Mr. Velani engaged in a three-month scheme to create false justifications for terminating the agreement and to conceal the decision to terminate from Springbok.

Under the pleading requirements set forth in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court finds the allegations are sufficiently plausible to establish a triable issue as to whether Group O acted willfully and wantonly to unlawfully terminate the contract without regard to the consequences that such termination would have on Springbok. Of course, whether the Plaintiff is ultimately entitled to an award of exemplary damages will require proof at trial. However, at this stage of the proceedings, and in light of the policy of liberal amendment under Rule 15, the Court finds that the allegations are sufficient to permit the Plaintiff to amend the complaint to add a request for exemplary damages against Group O. Accordingly, the Court declines to adopt the Magistrate Judge's recommendation to deny in part the motion to amend.

## IV.  Conclusion

For the forgoing reasons, the Recommendation **(#46)** is **ADOPTED** with regard to the Defendant's Motion to Dismiss **(#12)**. The Motion to Dismiss is **GRANTED**, and the Plaintiff's claim for breach of fiduciary duties against the Defendant Group O is dismissed.

The Court **DECLINES TO ADOPT** the Recommendation **(#46)** with regard to the Plaintiff's Motion for Leave to File Amended Complaint **(#31)**. The Motion for Leave to File Amended Complaint is **GRANTED**. The proposed Amended Complaint, filed at Docket #31 Exhibit A, is accepted as the operative pleading in this case.

Dated this 20th day of February, 2014.

                          **BY THE COURT:**

                          */s/ Marcia S. Krieger*

                          Marcia S. Krieger
                          Chief United States District Judge